IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOAN DELIE,

    Plaintiff,

    v.

COMMONWEALTH OF PENNSYLVANIA,
*Pennsylvania Department of Corrections*,

    Defendant.

11cv1424
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

Plaintiff, Joan Delie, brought this case claiming Defendant, the Commonwealth of Pennsylvania, violated her rights under 28 U.S.C. § 1983 and the Age Discrimination in Employment Act ("ADEA"). See doc. no. 1. Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P 12(b)(6). See doc. no. 5.

Defendant's Brief in Support of its Motion contends Plaintiff's ADEA and Pennsylvania Human Relations Act claims are barred by the doctrine of sovereign immunity. Doc. no. 6. Plaintiff filed a Brief in Opposition to the Motion to Dismiss. See doc. no. 7. However, in her Brief in Opposition, Plaintiff openly concedes that Eleventh Amendment jurisprudence invalidates her claim under the ADEA thereby leaving her only with her supplemental claims brought under the PHRA.

This matter is now ripe for adjudication. Based on the foregoing law and authority, Defendant's Motion will be granted.

### I. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires

only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the …claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly*, 550 U.S. 54 and *Aschroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009), the United States Court of Appeals for the Third Circuit, recently explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth.' *Id*. at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' *Id*. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, No. 10-3539, 2011 F.3d WL 2044166, at *6 (3d Cir. May 26, 2011).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the claim(s) are sufficient to show a "plausible claim for relief." "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.*; *See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11.

The Court may not dismiss a Complaint (or Counterclaim) merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 556, 563 n.8. Instead, the Court must ask whether the facts

2

alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint (or Counterclaim) that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler,* 578 F.3d at 212; *See also Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009). In short, the Motion to Dismiss should not be granted if a party alleges facts which could, if established at trial, entitle him to relief. *Fowler*, 578 F.3d at 563 n.8.

**II. DISCUSSION**

Plaintiff has sued the Commonwealth of Pennsylvania, and specifically the Commonwealth's Department of Corrections. Because Plaintiff concedes that her allegations under the ADEA against Defendant, a state agency, cannot withstand scrutiny under the Eleventh Amendment, her federal claim shall be dismissed. See, *i.e., Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 99-100 (1984) (holding that a 42 U.S.C. § 1983 does not override a state's Eleventh Amendment immunity); *Betts v. New Castle Youth Dev. Center*, 621 F.3d 249 (3d Cir. 2010) (state governments and their subsidiary units are immune from suit in federal court under the Eleventh Amendment); and *Shahin v. Delaware*, 424 Fed.Appx. 90 (3d Cir. 2011) (holding that district court properly dismissed ADEA claim against state of Delaware and its Department of Finance under Eleventh Amendment jurisprudence).

Because Plaintiff's only remaining claims are state-law based claims under the PHRA, jurisdiction may be relinquished by this Court. The Court declines to exercise supplemental jurisdiction over the remaining state law claims. The state courts are intimately familiar and regularly adjudicate claims pertaining to the PHRA. Accordingly, said state law claims will be dismissed pursuant to 28 U.S.C. § 1367(c)(3), albeit without prejudice to Plaintiff's ability to re-file these claims in state court. Also, the dismissal of Plaintiff's state law claims should not work

to Plaintiff's disadvantage. See 28 U.S.C. § 1367(d) (providing for at least a thirty-day tolling of any applicable statute of limitation after the claim is dismissed so as to allow Plaintiff time to re-file her state law claims in state court).

**III. CONCLUSION**

Based on the foregoing law and authority, the Defendant's Motion to Dismiss Plaintiff's Complaint is granted. An appropriate Order follows.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Counsel of Record